**SO ORDERED.**

**SIGNED this 29 day of January, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

WILLIE LEE JAMISON and
JACKIE SCHULER JAMISON,

      Debtors.                    Case No. 07-03353-8-JRL
                                                      Chapter 13

_____

**ORDER**

This case is before the court on the debtors' motion to avoid the judicial lien of Vanderbilt Mortgage (Vanderbilt). On January 24, 2008, the court conducted a hearing on this matter in Wilmington, North Carolina.

On November 19, 2007, the debtors filed for relief under Chapter 13 of the Bankruptcy Code. The debtors own real property consisting of a house and lot located at 614 N. Wilson Street, Chadbourn, North Carolina. Vanderbilt holds a judicial lien on the debtors' real property in the amount of $73,702.67, which was perfected on April 26, 2007. Vanderbilt's lien is subordinate to a lien in the amount of $125,165.08 to State Employee's Credit Union (SECU). The debtors have claimed the property as exempt under 11 U.S.C. § 522(f)(2) and Chapter 1C of the North Carolina General Statutes. Pursuant to this authority, the debtors claim an exemption

of $18,500.00 each in the real property. The debtors therefore move the court to avoid the subordinate judicial lien of Vanderbilt Mortgage because it impairs the debtors' right to their exemptions in the real property.

Section 522(f) provides that a debtor may "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is a judicial lien[.]" 11 U.S.C. § 522(f)(1). A lien is considered to impair an exemption "to the extent that the sum of (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property . . . exceeds the value that the debtor's interest in the property would have in the absence of any liens." Id. § 522(f)(2).

Here, in order for any equity to attach to Vanderbilt's judicial lien, the value of the debtors' property would have to exceed the sum of SECU's first lien on the property of $125,165.08 and the $37,000.00 in exemptions that the debtors claim under North Carolina law. The debtors assert that the value of the property is $123,000.00. The debtors purchased the house six years ago for approximately $89,000.00. On March 6, 2003, the house was appraised at $149,000.00. However, since the time of that appraisal, the condition of the house has deteriorated. At the hearing, the debtors presented testimony regarding the condition of the house. First, the house is currently in need of a new roof. The roof has caved in, which created a large hole and led to water damage in several parts of the home. The garage door in also currently broken. Further, at the time of the 2003 appraisal, there was an operable swimming pool on the property. The pool is now inoperable because of a broken lining. The debtor estimates that the cost of all repairs to the house is between $20,000.00 and $25,000.00.

Based on the foregoing, the court finds that the value of the property is largely consumed by the first lien to SECU. To the extent there is any equity left, Vanderbilt's lien would impair the debtors' exemption of $37,000.00. Therefore, the court ALLOWS the debtors' motion to avoid the judicial lien of Vanderbilt Mortgage in its entirety.

"END OF DOCUMENT"